UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VANKIRK ELECTRIC, INC.**                             **CIVIL ACTION**

**VERSUS**                                             **NO. 17-1642-JWD-EWD**

**COTTAGE BUILDERS, INC., ET AL.**

**NOTICE AND ORDER**

This is a civil action involving claims for damages incurred during the construction of a student housing complex near Louisiana State University. On or about October 10, 2017, VanKirk Electric, Inc. filed a Petition against Cottage Builders, Inc., The Guarantee Company of North America USA, C3-Baton Rouge, L.L.C. and Capstone Collegiate Communities, L.L.C. (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] The matter was removed to this Court by Defendants on November 9, 2017, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[2] The Notice of Removal contains the following allegations regarding the citizenship of the parties:

> 9.
> The Petition alleges that VanKirk is a corporation formed under the laws of Georgia. For the purpose of determining the citizenship of a corporation, a corporation is deemed to be a citizen of the state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332 (c). A corporation's principal place of business refers to the place where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77 (2010). A corporation's principal place of business is its "nerve center." Upon information and belief, VanKirk's principal place of business is also in the State of Georgia. Because VanKirk is a corporation formed under the law of the State of Georgia and has its principal place of business in Georgia,

---

[1] R. Doc. 1-1.
[2] R. Doc. 1 at Introductory Paragraph.

VanKirk is considered to be a citizen of Georgia for the purpose of diversity jurisdiction.

DEFENDANTS:

10.

Cottage Builders is a corporation formed under the laws of the State of Alabama. Cottage Builder's officers direct, control, and coordinate the corporation's activities from its corporate office in Alabama. Accordingly, its principal place of business is located in Alabama. Cottage Builders is, therefore, considered to be a citizen of Alabama for the purposes of diversity jurisdiction.

11.

Guarantee is a corporation formed under the laws of the State of Michigan. Guarantee's officers direct, control, and coordinate the corporation's activities from its corporate office in Michigan. Accordingly, its principal place of business is located in Michigan. Guarantee is, therefore, considered to be a citizen of Michigan for the purposes of diversity jurisdiction.

12.

Capstone is a limited liability company formed under the laws of the State of Alabama. For the purpose of determining the citizenship of a limited liability company, "limited partnerships and other unincorporated associations or entities, the citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Capstone has three members, including Robert Howland, John Vawter, and Benjamin Walker—all of whom are citizens of and domiciled in Alabama. Accordingly, Capstone is considered to be a citizen of Alabama for the purposes of diversity jurisdiction.

13.

C3-Baton Rouge is a limited liability company formed under the laws of the State of Delaware. C3-Baton Rouge is wholly owned by C3-BR Holdings, LLC, which is a limited liability company formed under the laws of the State of Delaware. C3-BR Holdings, LLC is, in turn, owned by Capstone. As noted above, Capstone has three members, including Robert Howland, John Vawter, and Benjamin Walker—all of whom are citizens of and domiciled in Alabama. Accordingly, C3-Baton Rouge is considered to be a citizen of Alabama for the purposes of diversity jurisdiction.[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. §

---

[3] R. Doc. 1 at ¶¶ 9-13 (footnotes omitted).

1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Notice of Removal. While the citizenship of VanKirk Electric, Inc., Cottage Builders, Inc., The Guarantee Company of North America USA and Capstone Collegiate Communities, L.L.C. has been properly alleged,[4] the citizenship of C3-Baton Rouge, L.L.C. has not been adequately alleged. The Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted). The Notice of Removal does not identify each of the members of C3-Baton Rouge, L.L.C., nor does it allege the citizenship of each member.

---

[4] With respect to VanKirk Electric, Inc., Cottage Builders, Inc. and The Guarantee Company of North America USA, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). With respect to Capstone Collegiate Communities, L.L.C., the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall have seven (7) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal (*i.e.*, it may not refer back to or rely on any previous pleading) without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on November 14, 2017

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**